IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : : : | CASE NO. 02-CV-2833 (JPF) |
| Plaintiff, | : : | |
| v. | : : | |
| FREDERICK C. FISHER, M.D., and FREDERICK FISHER, | : : : | |
| Defendants. | : : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant's

Motion to Dismiss, with supporting Memorandum of Law and Exhibits, and any response thereto,

including the parties' oral arguments, it is hereby ORDERED and DECREED that said Motion is

GRANTED, and the above matter is dismissed for lack of personal jurisdiction or improper venue.


_____
John P. Fullam,   Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : | |
| | : | |
| | : | CASE NO. 02-CV-2833 (JPF) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FREDERICK C. FISHER, M.D., and FREDERICK FISHER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant's

Motion to Dismiss, with supporting Memorandum of Law and Exhibits, and any response thereto,

including the parties' oral arguments, it is hereby ORDERED and DECREED that said Motion is

GRANTED, and the above matter is transferred to the United States District Court for the District

of South Dakota, Southern Division.


_____
John P. Fullam,  Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : : : | CASE NO. 02-CV-2833 (JPF) |
| Plaintiff, | : : | |
| v. | : : | |
| FREDERICK C. FISHER, M.D., and FREDERICK FISHER, | : : : | |
| Defendants. | : : | |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT
## FOR LACK OF PERSONAL JURISDICTION AND/OR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER TO ANOTHER DISTRICT

AND NOW comes Defendant[1], by and through his undersigned counsel, to file this motion to dismiss all claims of the Plaintiff against him in the above-captioned litigation either pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground that the Court lacks personal jurisdiction or pursuant to Rule 12(b)(3) on the ground that the action is improperly venued.  In the alternative, Defendant moves to transfer venue pursuant to 28 U.S.C. § 1404(a).

The reasons and arguments in support of this Motion are set forth in the attached Memorandum of Law in Support of Defendant's Motion to Dismiss and the exhibits thereto, all of which are being filed concurrently with this Motion.

WHEREFORE, Defendant respectfully requests this Court to dismiss all of the claims brought against him in this litigation on the ground that the Court lacks personal jurisdiction over

---

[1]    The complaint sues Defendant "Frederick C. Fisher M.D" as a proprietorship and Defendant Frederick Fisher individually  (Complaint ¶¶ 3-4.)  Thus, there is really only one defendant.

him or because it is improperly venued.  Defendant alternatively asks this Court to transfer venue

to the District of South Dakota, Southern Division.  Pursuant to Local Rule 7.1(f), Defendant further

requests that the Court set a time and place for an oral argument on his Motion.


Respectfully submitted,

BAZELON, LESS & FELDMAN, P.C.

By: _____

JENNIFER L. HOAGLAND
PA. Attorney I.D. No. 57256
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102-1907
Telephone:  (215) 568-1155
Fax:  (215) 568-9319


CRARY, HUFF, INKSTER, SHEEHAN,
RINGGENBERG, HARTNETT, STORM
& JENSEN, P.C.
STEVEN R. JENSEN
614 Pierce St., P.O. Box 27
Sioux City, Iowa 51102
Telephone:  (712) 277-4561
Fax:       (712) 277-4605

ATTORNEYS FOR DEFENDANT

Dated:  July 11, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC., | : : : | CASE NO. 02-CV-2833 (JPF) |
| Plaintiff, | : : | |
| v. | : : | |
| FREDERICK C. FISHER, M.D., and FREDERICK FISHER, | : : : | |
| Defendants. | : : : | |

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Local Rule 7.1(c), Defendant submits this brief in support of his motion to dismiss all claims of the Plaintiff against him in the above-captioned litigation either pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the ground that the Court lacks personal jurisdiction, or pursuant to Rule 12(b)(3) on the ground of improper venue, or, in the alternative, to transfer venue to the United States District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND FACTS

Plaintiff in this case is a national leasing company with offices in Pennsylvania which alleges a lease with Defendant Frederick Fisher, M.D. dated November 10, 2000, for certain equipment. Plaintiff alleges that the lessee under the lease is Defendant Frederick C. Fisher, M.D., a South Dakota sole proprietorship, and that Defendant Frederick Fisher, individually, is a guarantor of the

lease.  (Complaint ¶¶ 3-4, 7, 9-10.)  Plaintiff has filed the present action against Defendant[2] for breach of said lease.

As shown by the Affidavit of Frederick Fisher attached hereto as Exhibit "A," Defendant is a physician practicing in South Dakota.  He resides in and is a citizen of South Dakota.  (Exh. A ¶¶ 1-2.)  In the fall of 2000, Defendant was approached by Roger Hohn, a medical equipment salesman based out of Sioux Falls, South Dakota, about obtaining some equipment for his practice, including the equipment which is the subject of this litigation.  All of Defendant's discussions concerning this equipment were with Roger Hohn and took place in South Dakota.  Roger Hohn ordered the equipment, and Roger Hohn made contact with Plaintiff and had the lease for the equipment sent to Defendant.  (*Id.* ¶¶ 3-5.)  At no time prior to execution of the lease did Defendant speak by phone or have any correspondence with Plaintiff.  (*Id.* ¶ 6.)  Defendant has no office, employees, or accounts in Pennsylvania, he does not practice medicine there, he has never resided in Pennsylvania, nor has he engaged in business transactions there.  (*Id.* ¶ 8.)

## II. ARGUMENT

### A. Motion to Dismiss for Lack of Personal Jurisdiction

A federal district court sitting in diversity applies the forum state's law to determine whether it may exercise personal jurisdiction over a defendant.  *Vertrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996).

Under Pennsylvania law, personal jurisdiction is either based on general jurisdiction or specific jurisdiction.  *Fidelity Leasing, Inc. v. Limestone County Board of Education*, 758 A.2d 1207, 1210 (Pa. Super. 2000).  General jurisdiction relies on a defendant having engaged in

---

[2]     Because both Defendants are the same person, Dr. Frederick Fisher, the Motion to Dismiss and supporting Memorandum of Law refer to both of them as "Defendant."

continuous and systematic contacts with the state. *Id.* Specific jurisdiction depends on the cause of action having arisen from the defendant's particular interaction with the state. *Id.* Whether general or specific, the court's exercise of personal jurisdiction over a nonresident defendant must comport with the due process limitations of the federal Constitution. *Id.* at 1211; *Vertrotex*, 75 F.3d at 150.          In order to satisfy the due process limitations of the federal Constitution, a two-prong test must be met. The first prong requires that the defendant have sufficient "minimum contacts" with the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Key to this inquiry is an examination of "the relationship among the forum, the defendant and the litigation." *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "There must be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). If the existence of minimum contacts is shown, then the second prong of the test requires that personal jurisdiction be exercised only if the court determines that said exercise "would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 150-151 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Once a movant establishes support for its jurisdictional challenge, the plaintiff is charged with the burden of proving that the court's exercise of jurisdiction passes statutory and constitutional muster. *Fidelity Leasing*, 758 A.2d at 1210.

          Plaintiff has alleged the existence of a forum selection clause which it contends vests this Court with personal jurisdiction over Defendant. Such clauses should not be enforced where shown to be unreasonable or unjust under the circumstances. *Dentsply International, Inc. v. Benton*, 965 F. Supp. 574, 577 (M.D. Pa. 1997). Fraud, undue influence, coercion or overreaching are grounds for refusing to enforce forum selection clauses. *Id.* at 578; *Gandalf Systems Corp. v. Tri-Tek*

*Information Systems and Services*, 1992 WL 172596 at *2 (E.D. Pa. 1992).

Defendant contends that the minimum contacts required for personal jurisdiction do not exist and that the forum selection clause alleged by Plaintiffs is invalid and unenforceable.

**1.      Lack of Minimum Contacts**

The facts in the present case are almost identical to those found in *Fidelity Leasing, Inc. v. Limestone County Board of Education*, 758 A.2d 1207 (Pa. Super. 2000) in which it was determined that an Alabama school board's contacts with Pennsylvania were insufficient to vest the Pennsylvania courts with personal jurisdiction over the board.  In *Fidelity Leasing*, a Pennsylvania leasing company brought suit against an Alabama school board in Pennsylvania state court alleging breach of several photocopier leases.  In support of its motion to dismiss, the school board was able to show that it was not incorporated in Pennsylvania, nor was it authorized to do business there and it did not have any employees in the state.  *Id.* at 1211.  Additionally, the school board demonstrated that all of its contacts and negotiations regarding the leasing of the copiers were with an Alabama based salesman and that it never directly contacted the leasing company.  In fact, the salesman contacted the leasing company to arrange the financing for the copiers.  The leasing company presented evidence that the leases were countersigned in Pennsylvania, that the leases contained a provision stating that they were entered into in Pennsylvania, that Pennsylvania law would govern disputes arising from them, and that the school board was to make all payments under the lease to the leasing company in Pennsylvania.  *Id.* at 1212.  The leasing company also demonstrated that after the leases were entered into, the school board had more than twenty communications with the leasing company regarding the leases.  In finding that the school board's actions did not justify the exercise of personal jurisdiction, the Pennsylvania court stated:

> Limestone had not purposely availed itself of the privilege of conducting activities in
> Pennsylvania and, by virtue of its conduct and connection with the forum state, should not

have reasonably anticipated being subject to suit in Pennsylvania. Limestone contacted J.R. Ray, an Alabama copier vendor, in order to obtain copiers for use in Alabama. Limestone required financing for the copiers. Limestone signed the lease agreements in Alabama, and J.R. Ray sent the agreements to Fidelity in Pennsylvania for countersigning and acceptance. Limestone agreed to make lease payments to Fidelity and contacted Fidelity on numerous occasions about those payments. *We find that Limestone's agreement to make payments to a Pennsylvania company did not constitute sufficient minimum forum contacts to sustain personal jurisdiction.*

*Fidelity Leasing*, 758 A.2d at 1212 (emphasis added).

In the present case, the Defendant desired to obtain certain equipment for his medical practice located in South Dakota. All of his discussions concerning the acquisition of this equipment were with Roger Hohn, a South Dakota salesman of such equipment. As happened in *Fidelity Leasing*, the South Dakota salesman in the present case contacted the Pennsylvania leasing company to arrange the financing of the equipment for the Defendant. Defendant's contact with Pennsylvania consists only of his agreement to make payments to a Pennsylvania company. Under Pennsylvania law, such contacts are insufficient to support personal jurisdiction. *Fidelity Leasing*, 758 A.2d at 1212; *Vertrotex*, 75 F.3d at 152 ("'informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]' "); *Cinalli v. Kane*, 191 F. Supp. 2d 601, 610-612 (E.D. Pa. 2002).

## 2.    "Forum Selection" Clause Should Not Be Enforced

Paragraph 5 of Plaintiff's Complaint alleges that pursuant to Plaintiff's lease with Defendant, Defendant has agreed to the jurisdiction of this Court. Plaintiff's Complaint does not attach said lease, nor does it specifically identify any portion of the lease as containing such a provision.

Defendant affirmatively states that he did not knowingly and voluntarily agree to submit himself to the jurisdiction of this Court. (Exh. A ¶¶ 10-13.) Attached as Exhibit "B" hereto is a copy of the lease between Plaintiff and Defendant. A review of said lease reveals that it is a pre-

printed form lease with twenty-three numbered paragraphs of fine print boilerplate provisions. The

few "blanks" to be filled in by the parties relate to the Defendant's contact information, a description

of the equipment and the payment terms.

As Defendant is unable to find any other provision in the lease which remotely relates to

jurisdiction, Defendant assumes that Plaintiff's allegation is based on Section 22 of this lease (titled

"CHOICE OF LAW") which provides:

> This Lease shall be deemed fully executed and performed in the Commonwealth of
> Pennsylvania and shall be governed and construed in accordance with the laws thereof.
> YOU consent to and agree that personal jurisdiction over YOU and subject
> matter jurisdiction over the Equipment may at OUR option be with the Courts of the
> Commonwealth of Pennsylvania or the Federal District Court for the Eastern District of
> Pennsylvania with respect to any provision of this Lease. You also agree to waive YOUR
> right to a trial by jury.

This clause should not be enforced to provide this Court with jurisdiction over Defendant where

personal jurisdiction would clearly not otherwise exist because it is vague and misleading to the

point that it amounts to coercion. Enforcement of the clause is also unreasonable because Defendant

was unaware of it and did not understand that it would operate to submit him to the jurisdiction of

this Court when he signed the lease. (Exh. A ¶¶10-13.) Given the extraordinary disparity in the

bargaining power of the parties, Plaintiff overreached in having Defendant sign the contract with

this provision in it to the point that it should not be enforced against Defendant.

Section 22 of the lease is vague and misleading to the point that it is unenforceable. As noted

above, it is buried in twenty-three paragraphs of fine print boilerplate. While other portions of the

lease are printed in capital letters to draw attention to them, Section 22 is not. The caption of

Section 22 is "CHOICE OF LAW" and says nothing about jurisdiction. The section is confusing

and it is difficult for someone who is law trained much less for someone who is not, to understand

what is intended by it. The first sentence of Section 22 states that the lease is to be governed by

Pennsylvania law. The rambling second sentence, which begins by talking about personal jurisdiction without specifying in which court before moving on to subject matter jurisdiction "over the Equipment," and winds back to "any provision of this Lease," could easily be construed as expounding on the first sentence, particularly given the fact that it appears in a section captioned "CHOICE OF LAW." Nowhere does the lease clearly state that the parties agree that in the event of disputes under the lease, they will be subject to the jurisdiction of the Pennsylvania courts. "When a forum selection clause is ambiguous or has opposing, yet reasonable interpretations, it will be construed more strongly against the party who drafted the clause." *Intermetals Corp. v. Hanover Intern. Aktiengesellschaft Fur Industrieversicherungen*, 188 F. Supp. 2d 454, 460 (D.N.J. 2001). A forum selection clause is unreasonable and should not be enforced where it is vague and misleading. *Gandalf*, 1992 WL 172596 at * 2; *see also BP Marine Americas v. Geostar Shipping Co. N.V.*, 1995 WL 131056 at * 3 (E.D. La. 1995)(holding provision ambiguous and unenforceable where is specified court having jurisdiction as "High Court in New York"); *Atlantic Fin. Fed. v. Bruno*, 698 F. Supp. 568, 570 (E.D. Pa.1988) (refusing to enforce provision which authorized "any court of record" to enter a judgment against the plaintiffs).

This Court should also deny enforcement of the "forum selection" provision on the grounds that Plaintiff overreached by including the provision in the lease agreement at issue where the lease was between a national leasing company and an individual. This Court has previously determined that some relationships are so inherently unequal that a forum selection clause should not be enforced. *See Dentsply v. Benton*, 965 F. Supp. 574, 579 (E.D. Pa. 1997). Here, Plaintiff is a national company engaged in the business of leasing medical equipment, while Defendant has been practicing medicine for only six years in South Dakota. Exh. A ¶ 1; Exh. C. The lease is obviously Plaintiff's standard, pre-printed form, containing mostly boilerplate language. Indeed, the only

provisions unique to the transaction with Defendant are those related to identifying Defendant and the payment provisions. Exh. B. There was clearly an inherently unequal relationship between Plaintiff and Defendant such that the forum selection clause should not be enforced. The *Dentsply* court also noted that "Dentsply, as a nationwide company, can easily litigate its action in a forum with personal jurisdiction over the defendant." *Id.* at 580. That observation is equally true in the present case and further supports a determination that under the circumstances of this case, the inclusion of the forum was overreaching by the Plaintiff and the clause should, therefore, not be enforced.

## B. Motion to Dismiss for Improper Venue

The present action should be dismissed pursuant to Rule 12(b)(3) for improper venue. An action based on diversity of citizenship may be brought *only in:*

(1)     a judicial district where any defendant resides, if all defendants reside in the same State,

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the claim is situated, or

(3)     a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Applying section 1391(a), it is clear that this action is improperly venued and should be dismissed. Under section 1391(a)(1), venue would be proper in South Dakota since that is where the Defendant resides. South Dakota is also the only proper venue under section 1391(a)(2) since it is the only district where it may be said that a substantial part of the events or omissions giving rise to the claim occurred. As described in Defendant's affidavit, the transaction giving rise to the present dispute took place almost entirely in South Dakota. Further, Plaintiff's claim is that Defendant failed to make payments due on the lease. Assuming for purposes of this analysis that Plaintiff's claim is true, Defendant's omission took place in South Dakota. Finally, section

1391(a)(3) provides no basis for venue of this action in Pennsylvania since there is another district, namely South Dakota, in which this action could have been brought.

In light of the fact that the Eastern District of Pennsylvania is not a proper venue for this action under the application of any of the subsections of section 1391(a), which provides the sole bases for venue in diversity actions, this action should be dismissed for improper venue.

### C.  Motion to Transfer Venue

For the reasons set forth above, Defendant requests that Plaintiff's Complaint be dismissed for lack of personal jurisdiction or because it is improperly venued.  In the alternative, if the Court determines that it has personal jurisdiction over Defendant, Defendant requests that venue of this action be transferred to the United States District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A transfer to the District of South Dakota would be permitted under section 1404(a) as it is a district where the case might have been brought given the fact that the Defendant resides and conducts business there.  Accordingly, the Court must weigh the interests of justice and the convenience of the parties and witnesses to determine whether the motion to transfer should be granted.  *Pippett v. Waterford Development, L.L.C.*, 166 F. Supp. 2d 233 (E.D. Pa. 2001)(granting defendant's motion to transfer venue).  "The decision to transfer an action under § 1404 rests in the court's discretion."  *Id.* at 238.  The presence of the "forum selection" clause in the present case is not determinative of Defendant's motion to transfer venue.  *See Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 880 (3d Cir. 1995).  Where such a clause is permissive and provides that a party merely consents to personal jurisdiction in a court which otherwise lacks jurisdiction, it is given less

weight than those clauses which provide for an exclusive forum. *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 758 n.7 (3d Cir. 1973). The clause presently at issue in this case is, at best, permissive and under *Plum Tree* should be given only limited consideration as one element in weighing the interest of justice and not as a waiver of Defendant's right to assert his own convenience as a factor favoring transfer from the agreed upon forum. Moreover, where a "forum selection clause is part of a 'boilerplate' agreement, its significance is greatly reduced as such a classification indicates an inequality in the parties' bargaining power." *G.H. Miller & Co. v. Hanes*, 566 F. Supp. 305, 308 (N.D. Ill. 1983).

Furthermore, the "inconvenience required for a § 1404 transfer is less than that required for [a] court to dismiss the action on *forum non conveniens* grounds." Pippett, 166 F. Supp. 2d at 238. Factors to be considered by the court include:

    (1)    the relative ease of access to sources of proof;
    (2)    availability of compulsory process for attending witnesses;
    (3)    the cost of attendance at trial by willing witnesses;
    (4)    the possibility of view of the premises, if appropriate;
    (5)    all other practical problems that make trial of a case easy, expeditious, and inexpensive;
    (6)    "public interest factors," including the relative congestion of court dockets, choice of law considerations, and the relation of the community in which the courts and jurors are required to serve the occurrences that gives rise to the litigation.

*Id.* at 238.

In *Pippett*, several former employees of the defendant brought suit in this federal district alleging breach of contract and other theories. The defendant employer's motion to transfer venue to Connecticut was granted because it appeared that documentation relating to the employee's employment was located in Connecticut, all but one non-party witness lived there and could not be compelled to testify in Pennsylvania, the employees were hired and fired in Connecticut, Connecticut law would apply, and litigation involving the defendant employer would affect citizens

of Connecticut.  *Id*. at 239.

      An application of these factors to the present case also weighs in favor of Defendant's motion to transfer venue.  Defendant's documentary evidence concerning this dispute is located in South Dakota.  Roger Hohn, the salesman who brokered the transaction from which this litigation stems, would be a non-party witness to this litigation.  Hohn is a resident of South Dakota and beyond the compulsory process of this Court.  (Exh. A ¶¶ 3-5, 14-16.)  *See* Rule 45 of the Federal Rules of Civil Procedure.  Requiring Hohn to travel from South Dakota to Pennsylvania to testify in this matter would be an undue burden.  Additionally, the equipment was purchased in South Dakota for use in South Dakota and it remains located there.  (Exh. A ¶ 17.)  Plaintiff is a large national company doing business all over the country.  In fact, Exhibit "C" attached hereto, reveals that Plaintiff is authorized to do business in the State of South Dakota.  Defendant, on the other hand, is an individual working and living in only South Dakota.  (Exh. A ¶¶ 1-2.)

      The public interest factors also weigh in favor of a transfer of venue to South Dakota.  While Plaintiff is a corporate citizen of Pennsylvania, none of the events giving rise to this action took place there.  The significant facts of this case took place in South Dakota.  (Exh. A ¶¶ 1-9.)  The dockets of the South Dakota federal courts are likely considerably less congested than those in this district given the sparse population of the State of South Dakota.  Choice of law provisions are not generally given considerable weight in contracts cases since federal courts routinely apply the law of other states and contract principles do not vary widely from state to state.

      Finally, Defendant's lack of contacts with Pennsylvania and the questionable "forum selection" provision contained in the lease actually weigh in favor of transfer of this matter to South Dakota.  "When personal jurisdiction is questionable in one state, and a more appropriate forum exists elsewhere, transfer is proper."  *Pippett*, 166 F. Supp. 2d at 239.

A balancing of all of the factors discussed above weighs in favor of a transfer of this matter to the District of South Dakota, Southern Division.

## III.  CONCLUSION

In sum, this Court should dismiss the complaint filed this matter either because the Court lacks personal jurisdiction over the Defendant or because the action is improperly venued. Alternatively, the Defendant requests the Court to transfer this action to the United States District Court for the District of South Dakota, Southern Division.

Respectfully submitted,

BAZELON, LESS & FELDMAN, P.C.

By:  _____
JENNIFER L. HOAGLAND
PA Attorney I.D. No. 57256
1515 Market Street, Suite 700
Philadelphia, Pennsylvania 19102-1907
Telephone:  (215) 568-1155
Fax:  (215) 568-9319


CRARY, HUFF, INKSTER, SHEEHAN,
RINGGENBERG, HARTNETT, STORM
& JENSEN, P.C.
STEVEN R. JENSEN
614 Pierce St., P.O. Box 27
Sioux City, Iowa 51102
Telephone:  (712) 277-4561
Fax:       (712) 277-4605

ATTORNEYS FOR DEFENDANT

Dated:  July 11, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DE LAGE LANDEN FINANCIAL )            CASE NO. 02-CV-2833
SERVICES, INC.,           )
                          )
                          )
          Plaintiff,      )            AFFIDAVIT OF FREDERICK FISHER
                          )
                          )
FREDERICK C. FISHER, M.D., )
FREDERICK FISHER,          )
                          )
          Defendants.     )

State of South Dakota     )
          7               )ss.
County of  6JC)\~A//~     )

I, Frederick Fisher, being duly sworn, upon oath, state as follows:

1.

I have been. a practicing physician since 1996, and I practice medicine
solely in South Dakota.

2.

I reside in and am a citizen of South Dakota.

3.

In the fall of 2000, I was approached by Roger Hohn (hereinafter "Hohn"),
a medical equipment salesman based out of Sioux Falls, South Dakota,
about obtaining some equipment for my practice, including the equipment
which is the subject of this litigation.

4.

All of my discussions concerning this equipment were with Hohn and took
place in South Dakota.

5.

Hohn ordered the equipment, and Hohn made contact with Plaintiff and had

the lease for the equipment sent to me.

6.

At no time prior to execution of the lease did I speak by phone or have any correspondence with Plaintiff

7.

It is my recollection that the leased equipment was not shipped to me from Pennsylvania but from another state, most likely Florida.

8.

I have no office, employees, or accounts in Pennsylvania, I do not practice medicine there, I have never resided in Pennsylvania, nor have I engaged in business transactions there.

9.

1 do not recall signing the lease prior to my receipt of the equipment. I do note that I signed the portion of the lease indicating my "acceptance" of the equipment on the same day that I signed the lease, which would tend to indicate that I received the equipment and then received the lease for signature.

10.

I was unaware of the "forum selection" provision contained in Section 22 when I signed the lease.

11.

If I bad been aware of this provision before I signed the lease, I would not have understood that it meant that I would be forced to litigate disputes under the lease in Pennsylvania, and I would not have signed the lease knowing this to be the case.

12.

I am in a significantly weaker bargaining position as an individual buying two pieces of equipment than Plaintiff which is a national leasing company.

13.

I did not negotiate the terms of the lease with Plaintiff~ arid I understood that Plaintiffs lease, especially the boilerplate provisions, were not negotiable.

14.

The documents I intend to rely on in defense of this case are located in South Dakota.

15. Hohn will be a necessaiy non-party witness in my case.

16. Hohn is a resident of South Dakota and will likely be unwilling to come to Pennsylvania for the trial of this case.

17. The equipment at issue was purchased for use in South Dakota, and it continues to be located in South Dakota.

Further this affiant sayeth not.


Subscribed and sworn to before me this 8th day of July, 2002 by Frederick Fisher.




Notary Public

Home Page                    Page 1 of 1

# secretary of State                    Tuesday 7-2-
### 2002
## Corporations Division

**CorpName** : De Lace Landen

Type in exact name or starting letter to locate desired corporation.

All organizations shown in red are not in good standing.

If organization name appears in red or you cannot locate the corporation, please contact our corporation division at 605-773-3539 or 605-773-4845.

| Corporation Name | Org ID Number | Date of Incorporation/ Qualification | Last Annual Report | OrgType |
|---|---|---|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC. | FB016992 | 06/02/1994 | 06/25/2001 | Inc |
| DE LAGE LANDEN OPERATIONAL SERVICES, LLC | FL000688 | 04/26/2000 | 05/14/2002 | LLC |

If no date is displayed in the "last annual report" column you must check the "Date of Incorporation" column.

- Annual reports for corporations with the NS prefix (non profit) CH prefix (domestic churches) file a report every third year. The next required annual report filing is 2002.

This data is updated on the evening of the 6th of each month.

Secretary of State Homepage    Corporation Type Information    F o r m s Online

h t t p : / / w w w . s t a t e . s d . u s / a p p l i c a t i o n s / s t 0 2 c o r p l o o k l c o r p f i l e . a s p
7/2/2002

## <u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

I Jennifer L. Hoagland, hereby certify that on this 11th day of July, 2002, I caused a true and correct copy of the foregoing Motion to Dismiss, with proposed form of Orders, and supporting Memorandum of Law and Exhibits to be served upon counsel for plaintiff, addressed as follows, by first class mail, postage prepaid:

Frank P. Spada, Jr.
Christopher C. Negrate
Flamm, Boroff& Bacine, P.C.
925 Harvest Drive
Suite 220
Blue Bell, PA 19422

_____
Jennifer L. Hoagland